UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **JORDAN JOHNSON, individually and on behalf of his deceased son, TYLER JAMES JOHNSON,**  Plaintiff | CIVIL ACTION NO. _____ |
| v. | JUDGE _____ |
| **CHEVRON U.S.A. INC. and EXXON MOBIL CORPORATION**  Defendants | MAGISTRATE JUDGE _____ |

**PLAINTIFF'S COMPLAINT**
**WITH DEMAND FOR TRIAL BY JURY**

Jordan Johnson, a person of the full age of majority and resident of Lafayette Parish, Louisiana, is the biological father and beneficiary of the decedent, Tyler James Johnson, deceased (who at time of his death was of majority age, resident of St. Martin Parish), files this complaint individually; and also on behalf of his deceased son, as he is entitled to recover under Louisiana law for the death, and pre-death suffering, of his son.

1.

Made defendants herein are:

    A.    Chevron U.S.A. Inc., (hereinafter "Chevron"), a Pennsylvania corporation, with its principal place of business in California, has substantial and ongoing business contacts within the Western District of Louisiana to be amenable to suit in this district court; and

1

  B. Exxon Mobil Corporation, (hereinafter "Exxon"), a New Jersey corporation, with its principal place of business in Texas, has substantial and ongoing business contacts within the Western District of Louisiana to be amenable to suit in this district court.

  C. Chevron and Exxon have been co-owners of the relevant federal lease, and operators of the subject oil and gas production platform discussed below.

2.

Jurisdiction is founded on 43 U.S.C. § 1349(b)(1) (Outer Continental Shelf Lands Act) and 28 U.S.C. § 1332(a) (Diversity).  The amount in controversy exceeds $75,000, exclusive of interest and costs.  The plaintiff further invokes jurisdiction of this Honorable Court, under 28 U.S.C. § 1367 to adjudicate claims arising under the substantive laws of state of Louisiana including but not limited to LSA-CC Arts. 2315, 2315.1, 2315.2, 2316, 2317, and 2317.1.

3.

Venue for this case is proper in this Court under 28 USC § 1391(c) (2), as the events giving rise to this claim occurred on an offshore oil and gas production platform in federal waters off the coast of Louisiana.

4.

At all times material hereto, including the date of his death, on or about June 1, 2019, decedent Tyler James Johnson was an adult male who had no biological nor adopted children, and had never been legally married, and is survived by his biological father Jordan Johnson, plaintiff herein, and biological mother, Lisa Brasseaux.

5.

On or about June 1, 2019, decedent Tyler James Johnson, employee of Quality Energy Services, Inc. ("Quality Energy"), was performing wireline services on defendants' Genesis production platform, moored in 2,600 feet of water in Green Canyon block 205, located on the Outer Continental Shelf off coast of Louisiana, at Green Canyon Block 205 "A".  Two Quality Energy employees (including decedent) picked up a hatch cover painted grey.  Each employee grabbed one handle of the grey cover, which was the same color as the grey deck.  This action unknowingly to decedent and co-worker created an open hole; and as the employees moved the grey hatch cover, decedent Tyler James Johnson stepped and fell through an unexpected hole in the deck, falling downward, striking structures on his descent toward the gulf, causing severe mental anguish and suffering, and eventually death.  The hatch cover should have been painted "caution yellow".

6.

At all times pertinent hereto, the Genesis Spar Production Platform was owned, operated and in the exclusive control of defendants Chevron and Exxon.  Decedent, Tyler James Johnson, was not at fault in this matter, and in the ordinary course of business on defendants' Genesis Spar platform, this fatal injury would not have occurred if defendants had used proper care and/or followed their own procedures and/or industry standards concerning marking and painting hatch covers on platforms.

7.

Tyler James Johnson, decedent, would receive his work assignments in St. Martin Parish, Louisiana, where after he would travel from St. Martin Parish, Louisiana, to do his work, and return to St. Martin Parish at completion of his work.

8.

Tyler James Johnson, along with his employer Quality Energy, and decedent's Quality Energy crew, are totally without fault in connection with the death of decedent. The above described injury and death of Tyler James Johnson resulted from the negligence, gross negligence, negligence *per se*, and/or intentional acts of Chevron and Exxon through their employees, managers, servants, workers, agents, and/or officers, in the following non-exclusive particulars:

A. Failing to provide a safe workplace on the Genesis Spar production platform;

B. Failing to use proper care in maintaining, managing, equipping, staffing and securing their premises on the Genesis Spar production platform;

C. Failure to maintain the Genesis Spar production platform in a safe and prudent fashion;

D. Failure to train their employees and workers to work on the Genesis Spar production platform in a safe and prudent manner;

E. Hiring and/or permitting unqualified workers to work on the Genesis Spar production platform;

F. Cutting back on necessary workers and equipment to save money, making the Genesis Spar production platform unsafe;

G. Failing to properly equip the Genesis Spar production platform, making such platform unsafe;

H. Failing to properly staff the Genesis Spar production platform, making such platform unsafe;

I. *Res ipsa loquitur*;

J. In creating an unsafe condition on the Genesis Spar production platform;

K.  In failing to adequately maintain the deck and walkways on the Genesis Spar production platform;

L.  In failing to mark and guard an unsafe condition;

M.  In failing to give notice of an unsafe condition;

N.  Failing to correct an unsafe condition;

O.  Failing to ensure that pertinent cover was painted "caution yellow";

P.  In otherwise having an unsafe platform and failing to detect and correct said unsafe condition.

9.

Plaintiff, as decedent's biological father, asserts a survival action under LSA-CC Art. 2315.1, for pre-death damages:

A.  Pain;

B.  Physical suffering;

C.  Mental anguish;

D.  Emotional suffering;

E.  Funeral expenses for the burial of Tyler James Johnson; and,

F.  Other damages allowed by Louisiana and federal law.

10.

Plaintiff, as decedent's biological father, asserts a wrongful death action under LSA-CC Art. 2315.2, for loss of:

A.  Love;

B.  Affection;

C.  Society;

D.   Companionship;

E.   Consortium; and,

F.   Other recoverable damages by Louisiana and federal law.

Wherefore, plaintiff, Jordan Johnson, individually and on behalf of his deceased son, Tyler James Johnson, prays that a certified copy of this complaint be served upon defendants, Chevron U.S.A., Inc. and Exxon Mobil Corporation, and further prays that after due proceedings are had, there be judgment herein in favor of plaintiff, Jordan Johnson, individually and on behalf of his deceased son, Tyler James Johnson, and against defendants, Chevron U.S.A., Inc. and Exxon Mobil Corporation, for a sum reasonable in the premises together with legal interest from the date of judicial demand until paid and for all costs of these proceedings, and a trial by jury.

Respectfully submitted,

**WILLIAM GEE, LTD.**

_s/ William Gee_
**WILLIAM GEE**
Louisiana State Bar No. 14282
PINHOOK TOWER
2014 West Pinhook Road, Suite 501
Lafayette, LA  70508
Telephone: (337) 222-2222
Facsimile: (337) 289-0809
william@williamgee.com

*Attorney for Plaintiff*

6