UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JORDAN JOHNSON** | **CASE NO. 6:20-CV-00454** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CHEVRON U S A INC ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM RULING

Before the Court is "Defendants, Chevron U.S.A. Inc. and Exxon Mobil Corporation's Rule 12(B)(7) Motion to Dismiss for Nonjoinder of a Required Party Under Rule 19 and Rule 12(B)(6) Motion for Partial Dismissal for Failure to State a Claim" (Doc. #7) wherein Defendants move to either to dismiss the instant lawsuit for nonjoinder of a required party,[1] or joinder of that party; Defendants also move to dismiss Plaintiff, Jordan Johnson's claims of gross negligence, negligence *per se,* and intentional acts pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## BACKGROUND

In Plaintiff's Complaint with Demand for Trial by Jury, Jordan Johnson, the biological father and beneficiary of decedent, Tyler James Johnson, alleges that on or about June 1, 2019, Tyler James Johnson was performing wireline services on Defendants' Genesis production platform located on the Outer Continental Shelf off the coast of Louisiana, when he stepped and fell through a hole in the deck which caused severe mental

---

[1] Defendants assert that if the Court determines that joinder is not feasible, Plaintiff's lawsuit should be dismissed pursuant to Rule 19(b).

anguish and suffering and ultimately resulting in his death. Mr. Johnson was not legally married, had no biological children, nor had he adopted any children. He is survived by his biological mother, Ms. Brasseaux and his father, Jordan Johnson.

Decedent's father and mother each seek survival and wrongful death damages. Ms. Brasseaux has filed a separate suit which is also before the undersigned entitled *Lisa Brasseaux, individually and on behalf of her deceased son, Tyler James Johnson v. Chevron, U.S.A. and Exxon Mobil Corporation*, Civil Action 6:20-0460. Defendants have filed the same motion in *Brasseaux*;[2] both lawsuits are pursuing identical claims in this Court.

## **LAW AND ANALYSIS**

Defendants complain that Plaintiffs in both of these lawsuits are required by law to join together in one lawsuit to assert their survival and wrongful death causes of action. Louisiana Civil Code articles 2315.1 and 2315.2 set forth the exclusive list of beneficiaries permitted to bring these causes of actions. Survival actions permit the beneficiaries to recover damages for the tort victim's own pain and suffering that occurred before the person's death. *Taylor v. Giddens,* 618 So.2d 834, 840 (La. 1993) ("The [survival] action is based upon the victim's right to recovery being transferred by operation of law to the beneficiary.") The survival action is a single cause of action that is jointly shared by all members of the class statutorily authorized to recovery. *Morrison v. New Orleans Pub.*

---

[2] Doc. 8.

*Serv. Inc.,* 415 F.2d 419, 424 (5th Cir. 1969); *Gibbs v. Magnolia Living Ctr., Inc.,* 870 So.2d 1111, 1115, (La. App. 2nd Cir. 2004), *writ denied,* 877 So.2d 146 (La. 2004).

When two or more beneficiaries are vested with a right of action for survival damages, all members of the applicable beneficiary class under article 2315.1 must be joined in one lawsuit in order to avoid multiplicity of suits arising from one single cause of action. *Trahan v. Southern Pacific Company,* 209 F.Supp. 334, 337 (W.D. La. 1962); *Reed v. Warren,* 136 So. 59, 62 (La.1931).

Wrongful death actions compensate the beneficiaries for their own individual injury arising from the tort victim's death. *Wall v. Am. Optical Corp.*, 740 So.2d 1262, 1274 (La. 1999). Courts have found that "a single wrongful death results in a single cause of action belonging jointly to all survivors of the decedent who are entitled by statute to damages." See *Morrison,* 415 F.2d at 424; *Mallet on Behalf of B.M. v. Geans,* 2019 WL 5096094, at *3, (W.D. La. 2019), *report and recommendation adopted,* 2019 WL 5096081 (W.D. La. 2019); *Raines v. Smith,* 2018 WL 5904506, at *3 (W.D. La. 2018) (citing *Morrison,* 415 F.2d at 424-25). Despite this disparity, the Louisiana Code of Civil Procedure mandates that claimants bring all causes of action arising out of a transaction or occurrence in one lawsuit. Louisiana Code of Civil Procedure article 425(A) (A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation.).

Federal Rule of Civil Procedure 19 directs federal courts to join required parties when feasible. A person must be joined as a party if "in that person's absence, the court cannot accord complete relief among existing parties" or "that person claims an interest

relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . impair or impede the person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Federal Rule of Civil Procedure 19(a)(1). When a person "has not been joined as required, the court must order that the person be made a party." Federal Rule of Civil Procedure 19(a)(2).

Defendants move to either join Ms. Brasseaux, who is subject to service or process,[3] or dismiss this lawsuit pursuant to Rule 19(b). Otherwise, Defendants maintain that they would face a substantial risk of incurring double, multiple, or . . . inconsistent obligations if the beneficiaries were allowed to pursue similar survival actions.

In his opposition, Mr. Johnson informs the Court that he had proposed that the two lawsuits be consolidated, but the Defendants objected.[4] Ms. Brasseaux agrees to consolidate the two lawsuits; consolidation of the two cases satisfies all of the factors that would otherwise require that a party be joined under Rule 19.

The Court has determined that consolidation of the two lawsuits is proper under Federal Rule of Evidence Rule 42(a).[5] Consequently, the motion to dismiss for nonjoinder is now moot.

Defendants also move to dismiss Plaintiff's claims for gross negligence, negligence *per se,* and intentional acts. The Court notes that after Defendants filed the instant motion, Plaintiff amended his Complaint and removed all claims for gross negligence, negligence,

---

[3] Ms. Brasseaux's joinder would not deprive the Court of subject-matter jurisdiction.
[4] *Brasseaux*, Civil Action 20-454, Doc. 13.
[5] See the Court's Memorandum Order issued this date.

*per se*, and intentional acts.[6] Consequently, Defendants' motion to dismiss these claims is now moot.

## CONCLUSION

Because the Courts finds that consolidation of Civil Action 6:20-460 with this lawsuit is proper, Defendants' Motion to Dismiss for Nonjoinder of a Required Party under Rule 19 will be **DENIED** as moot. Also, because Plaintiff has amended his complaint and removed all claims for gross negligence, negligence *per se*, and intentional acts, Defendant's Motion for Partial Dismissal for Failure to State a Claim will be denied as moot.

**THUS DONE AND SIGNED** in chambers on this 5th day of August, 2020.

                                             **JAMES D. CAIN, JR.**
                                    **UNITED STATES DISTRICT JUDGE**

---

[6] See Doc. 12, Plaintiff Lisa Brasseaux's First Amended Complaint.